THE PEOPLE EX REL. MATHIAS ZIEGLER *v.* THE JUSTICES OF THE COURT OF SPECIAL SESSIONS OF THE COUNTY OF NEW YORK, RESPONDENTS.

*Obscene literature — chap. 777 of 1873 — age of prisoner — need not be stated in indictment — how determined.*

Under chapter 777 of 1873, prohibiting the publication of obscene literature, and providing that any person convicted thereof shall, if twenty-one years of age or upwards, be punished as therein provided, and prescribing a different punishment if he be under twenty-one years of age, it is not necessary to state the age of the prisoner in the indictment for a violation of the statute.

It is not obligatory upon the court to call witnesses to determine the age of the prisoner, but the court itself may determine his age from its own observation.

*Quære,* whether the court may, under the Constitution, examine the prisoner as to his age for this purpose.

CERTIORARI to the Court of Special Sessions of the city of New York, to review the conviction and sentence of the relator for a violation of chapter 777 of 1873, prohibiting the publication and circulation of obscene literature.

*Benj. F. Russell,* for the relator.

*Benj. K. Phelps,* for the respondents.

DANIELS, J.:

The relator was convicted upon his own confession of manufacturing and printing obscene and indecent photographs, and of having in his possession negative plates for printing and making such obscene pictures, and of having large quantities of such pictures in

the room occupied by him, in process of manufacture. This was clearly a criminal offense, according to chapter 777 of the Laws of 1873. That provided that any person who shall manufacture, draw or print, or in any wise make any obscene book, pamphlet, paper, writing, advertisement, circular, print, drawing or other representation, figure or image, on or of paper, or other material, of an indecent or immoral nature or use, shall, on conviction, be imprisoned at hard labor, if twenty-one years of age or upwards, not less than three months or more than two years, and fined not less than $100 nor more than $5,000 for each offense; or if under twenty-one years of age, then the imprisonment cannot exceed three months nor the fine exceed $500. (Laws of 1873, p. 1184, § 1.) The offense is rendered complete by the facts mentioned in the statute without reference to the age of the prisoner. The same act is equally an offense whether perpetrated by a person over or under twenty-one years of age; but the statute has discriminated in the extent of the punishment, by reason of that circumstance. The age is not required to be averred in the complaint upon which the trial is to be had, but merely the facts constituting the crime, and when its commission has been established, the duty for the first time arises to ascertain the age of the accused in order to determine the extent of the punishment. That is a common subject of inquiry in the administration of the criminal law, but the averment of the fact has never been required in the indictment or the complaint on which the trial may be had. The investigation on that subject is never important until after a conviction has been secured, and then it is usually made by means of the prisoner's own oath. That has, in several instances, been prescribed as the proper course to be pursued. But this statute contains no such requirement. For that reason the fact may be ascertained by any means appropriate for that purpose. Evidence may be received from any person capable of giving it for the purpose of proving the fact, or where the appearance of the prisoner sufficiently indicates his probable age, that may be acted upon as evidence of the fact. If witnesses were to be sworn, their evidence on this subject would, in most cases, be necessarily confined to the appearance of the person, and where that indicates that he has advanced beyond the age of twenty-one years, there can be no objection to the court acting directly upon it

without the intervention of witnesses whose judgment would only imperfectly express what the justices could more surely discern for themselves. Cases will arise where the appearance of the person must leave the fact of his age in doubt. There other evidence upon the subject is a plain necessity, but in most instances the indications of age are so unequivocal and decided that not the least risk can be encountered in acting upon them, and when that is the case they may, under the unrestricted provisions of this statute, be accepted as proof of the prisoner's age.

The punishment of the offense has been seriously augmented where it may be committed by a person of twenty-one years of age or upwards, and it may well be doubted whether the convict could be properly required to expose himself to it by any information supplied by his own oath. That would be making him a witness against himself, which the Constitution of the State has prohibited in criminal cases. Under this restraint the court must act on the best information that can be obtained, and not unfrequently that will be supplied by the prisoner's own appearance. That was the course adopted in this case, and by no assertion of the prisoner has it been maintained that the conclusion arrived at was an erroneous one. What is claimed in his behalf is that evidence should have been taken upon the subject by the examination of witnesses. That was not required by the statute nor the nature of the fact to be ascertained. The justices could, as they did, consult their own senses, and act upon the conclusion which they certainly suggested. There can be no more objection to that course in a case like the present one, than in cases where they are required to act upon the fact that the person before them is a child, a boy or a girl, white or black, a male or a female, and as they are not affirmed to have erred in their conclusion, no harm can be done in this case by holding the sentence imposed to have been a proper one. The conviction should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Conviction affirmed.